JAMES M. WILEY v. STATE OF NEBRASKA.

FILED NOVEMBER 10, 1920, No. 21350.

Criminal Law: SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* sufficient to support the verdict of the jury. *Held*, that no prejudicial error occurred at the trial.

ERROR to the district court for Wayne county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Matthew Gering* and *C. H. Hendrickson*, for plaintiff in error.

*Clarence A. Davis, Attorney General, J. B. Barnes* and *Fred S. Berry*, contra.

ALDRICH, J.
The defendant was convicted by a jury of the crime of adultery and was sentenced by the court to serve one year

105 Neb.—16

in the county jail of Wayne county. He brings error proceedings to this court.

The record discloses that defendant was an instructor in the Wayne State Normal. He had been a school teacher nearly all his life. Kate Adams, prosecutrix, was a young unmarried woman about 24 years of age. It appears that she had been attending the Wayne State Normal irregularly for several years and was a school teacher by profession. In December, 1918, she filed a complaint against the defendant charging him with the crime of adultery and alleging that she had sexual intercourse with defendant on or about June 25, 1918, and again on or about September 22, 1918.

It is claimed the court erred in giving instruction No. 1, requested by the state; that the court abused its discretion in the order of proof in this case; that the evidence is insufficient to support the verdict, there being no corroborating evidence; and that the court unduly limited the cross-examination.

The first error complained of is in giving instruction No. 1. There was no error in this for the instruction has the support of section 8767, Rev. St. 1913.

The order of proof in a prosecution for adultery rests wholly within the sound discretion of the trial court, and this court has many times approved that rule. The prosecutrix is amply corroborated by admissions made by defendant and by other surrounding facts and circumstances.

This court has many times upheld and laid down the rule that a verdict of the jury will not be disturbed unless it is clearly wrong.

It is claimed that the trial court unduly restricted the cross-examination. We have examined the record and hold this alleged situation not to be true.

In conclusion, we hold that the defendant had a fair trial, that the jury found him guilty on sufficient evidence, that the court instructed it in accordance with the law of this state as laid down on the crime of adultery.

Judgment

AFFIRMED.